```
                UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA
                      Alexandria Division

UNITED STATES OF AMERICA,      )
                               )
      v.                       )  Case No. 1:09-mj-518
                               )
                               )
RONNELL B. BOWLES              )  Suppression Hearing:
                               )  November 3, 2009
                               )
                               )
```

MEMORANDUM OPINION

I. Introduction

THIS MATTER came before the Court for a hearing on defendant Bowles's Motion to Suppress on November 3, 2009.  In his Motion, Bowles moves to suppress the evidence derived from the search of Bowles's person on July 19, 2009.  At the conclusion of the hearing on the Motion to Suppress, the Court invited the parties to further brief the matter.  After receipt of supplemental memoranda, the Court took the matter under advisement to issue this Memorandum Opinion.

For the reasons discussed below, the Court grants defendant's Motion to Suppress.

II. Facts

The undisputed facts are as follows.  On July 19, 2009, Officers Mace and Manning of the United States Park Police were on duty in the area of Riverside Park off of the George Washington Memorial Parkway.  Officer Mace saw a silver Lincoln Town Car parked in the parking lot; next to the car, near the rear passenger door, he saw an empty Corona beer bottle and a pile of what appeared to be

1

tobacco. Officer Mace also observed numerous empty Corona bottles scattered about the passenger compartment of the car and a box of cigars with one cigar missing. Possession of alcoholic beverages is prohibited in Riverside Park and there are signs to that effect at the entrance to the park. Officer Mace testified that, in his experience, the removal of tobacco fillings from a cigar is a common indicator of marijuana possession and use.

Officer Mace saw an individual in the driver's seat of the car. The individual was listening to the radio and the keys of the car were in the ignition. The individual was identified to be Danzell John Pannell by his Virginia identification card. A check of his traffic record revealed that his right to operate in Virginia was suspended. Pannell was asked to step out of the vehicle and sit on the ground next to the car. Officer Mace asked Pannell if there was any other contraband in the vehicle and Pannell stated no. Pannell gave consent to search the car.

As Officer Mace was about to search the car, another individual, later identified to be Ronnell Barry Bowles from his Virginia driver's license, emerged from the woods at the south end of the parking lot carrying a fishing pole. He began yelling at the officers and demanded to know what the officers were doing. Officer Mace drew Bowles's attention to the empty beer bottles in the car. Bowles stated that he knew they were in the car and that he and his brother had purchased the beer.

Officer Mace then informed Bowles that he was going to search his vehicle and his person. Officer Mace testified that he believed he had probable cause for the search of Bowles's vehicle and person

2

based on his observation of empty beer bottles in and around the vehicle, a cigar box within the vehicle which was missing one cigar, and tobacco fillings outside the vehicle.  After Officer Mace informed Bowles that he was going to search his person, Bowles told Officer Mace to go ahead.  Officer Mace recovered a clear baggie from Bowles's left front pocket.  The baggie contained a green leafy plant material that appeared to be marijuana.  Bowles stated that he forgot that he had it on him.  Both Pannell and Bowles were subsequently arrested and transported to the United States Park Police District 2 Station.

### III.  Analysis

In order to conduct a warrantless search of a person, a law enforcement officer must have probable cause that a crime has been committed and particularized evidence that the individual to be searched was involved in the crime.  *Ybarra v. Illinois*, 444 U.S. 85, 91 (1979).  Mere proximity to someone suspected of a crime, without some additional indication of his involvement in that crime, is insufficient to support a finding of probable cause.  *Id.*  The Court must determine whether Officer Mace had probable cause that a crime was committed and particularized evidence that Bowles was involved in the crime when he conducted a warrantless search of Bowles's person on July 19, 2009.

36 C.F.R. 4.14(b) states that "[c]arrying or storing a bottle, can or other receptacle containing an alcoholic beverage that is open, or has been opened, or whose seal is broken or the contents of which have been partially removed, within a motor vehicle in a park area is prohibited." Additionally, 21 U.S.C. 844 prohibits the

knowing or intentional possession of a controlled substance.

In the instant case, Officer Mace testified that his observation of empty beer bottles inside and outside the vehicle, a cigar box inside the vehicle missing one cigar, and tobacco fillings on the ground outside the vehicle gave him probable cause to believe that a crime had been committed and that Bowles had been involved in the crime. Specifically, Officer Mace testified that the empty beer bottles in and around the vehicle gave him probable cause to believe that Bowles had violated 36 C.F.R. 4.14(b) and that the tobacco fillings outside the vehicle and box of cigars missing one cigar inside the vehicle gave him probable cause to believe that Bowles had violated 21 U.S.C. 844.

This case is somewhat unique in that Bowles was not in or around the automobile when Office Mace made his observations. In fact, Bowles emerged from the woods carrying a fishing pole just as Officer Mace was about to conduct the search of the vehicle. Although Bowles admitted that he was the owner of the car and that he and has brother had purchased the beer earlier, Officer Mace did not testify that he observed anything about Bowles's appearance that would suggest he was in possession of a receptacle containing alcohol, such as a bulge in Bowles's clothing. Additionally, there was no testimony by Officer Mace to suggest that Bowles might be carrying a controlled substance on his person, other than his testimony as to the box of cigars inside the car and the loose tobacco outside the vehicle.

The Court finds that because of Bowles lack of proximity to the car at the time of Officer Mace's observations, combined with a lack

of specific evidence indicating that Bowles may have had alcohol or a controlled substance on his person, Officer Mace did not have probable cause to conduct a search of Bowles's person.

## IV. Conclusion

Officer Mace did not have particularized evidence that Bowles was involved in a crime when he conducted a warrantless search of Bowles's person on July 19, 2009. For the reasons stated above, defendant's Motion to Suppress is granted. An Order shall issue forthwith.

/s/
THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

November 30, 2009
Alexandria, Virginia

5